**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIOS ARTURO FRANCO-PRADA; ANNGIE NATALY MARIN-RODRIGUEZ; J. M. F.-M.; K. M. F.-M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-1626 <br><br> Agency Nos. <br> A241-687-634 <br> A241-687-635 <br> A241-687-636 <br> A241-687-637 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioners Elios Arturo Franco-Prada ("Lead Petitioner"), his partner, and

their two minor children are natives and citizens of Colombia. They petition for

review of the decision of the Board of Immigration Appeals ("BIA") dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the joint motion to submit this case on the briefs and record. See Dkt. No. 26; Fed. R. App. P. 34(a)(2).

their appeal of an immigration judge's ("IJ") (collectively, the "Agency") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  Where, as here, the BIA cites Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994), and "does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's."  Cinapian v. Holder, 567 F.3d 1067, 1073 (9th Cir. 2009).  We deny the petition.

1.  To establish eligibility for asylum and withholding of removal, Petitioners must show that the Colombian government is "unable or unwilling" to protect them from the private actors they fear will harm them.  Velasquez-Gaspar v. Barr, 976 F.3d 1062, 1065 (9th Cir. 2020).  The Agency found that Petitioners failed to show that the unknown members of "Front 53," the extortionist group they fear, are government officials or are persons the government is unable or unwilling to control.  Petitioners assert that the Agency "ignored" evidence

---

[1] Lead Petitioner's partner and minor children have filed separate applications for relief, and the minor children are derivative beneficiaries of both Lead Petitioner's and his partner's asylum claims.  See 8 U.S.C. § 1158(b)(3) (providing derivative relief for asylum claims).  The Immigration and Nationality Act does not provide for derivative withholding of removal claims, nor do the CAT implementing regulations provide for derivative CAT claims.  See 8 U.S.C. § 1231(b)(3) (not providing derivative relief for withholding of removal claims); 8 C.F.R. § 1208.16(c) (not providing derivative relief under CAT); see also Oscar v. Bondi, 135 F.4th 777, 779 n.1 (9th Cir. 2025) (noting that a petitioner's spouse and minor child "d[id] not have derivative claims for withholding of removal or CAT protection").

"regarding the insidious nature of 'Front 53' and the Government's inability to control [that] group." But Petitioners do not point to any evidence that the Agency allegedly ignored. Further, the country conditions evidence, which contains no mention of Front 53, suggests that the Colombian government actively combats extortionist groups. Substantial evidence thus supports the Agency's denial of Petitioners' claims for asylum and withholding of removal. See id.

2. Substantial evidence also supports the Agency's denial of Petitioners' claims for CAT protection. See Uc Encarnacion v. Bondi, 156 F.4th 927, 935 (9th Cir. 2025) (stating that we review for substantial evidence the denial of CAT relief). The record does not compel the conclusion that Petitioners demonstrated a likelihood of torture by, or with the acquiescence of, Colombian officials if Petitioners are returned to Colombia. See Park v. Garland, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."); Hernandez v. Garland, 52 F.4th 757, 770 (9th Cir. 2022) (explaining that "a general ineffectiveness on the government's part to investigate and prevent crime" does not show acquiescence (citation omitted)).

**PETITION DENIED.**[2]

---

[2] Petitioners' opposed motion to stay removal (Dkt. No. 2) is denied. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.